IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

ALBERTO SOTO and
ISMAEL ORTIZ,

        Plaintiffs,

v.                                                             No. CIV 96-184 BB/JHG

ARTURO JURADO and
JURADO FARMS,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## AWARDING ATTORNEYS' FEES
## AND COSTS OF APPEAL

**THIS MATTER** is before the Court on *Plaintiffs' Application for Attorneys' Fees and Costs of Appeal* [doc. #106]. The Court having considered the briefs of counsel and being fully advised, FINDS the motion is well taken and will be GRANTED IN PART.

## Discussion

This cause was tried to the Court on February 25 and 26, 1997. Judgment was entered on April 9, 1997, awarding Plaintiffs compensatory damages,

statutory damages, and punitive damages for Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Agricultural Workers Protection Act, 29 U.S.C. § 1801 *et seq.*, and the Civil Rights Act, 42 U.S.C. § 1985. Subsequently, the judgment was amended to decrease the amount awarded for the FLSA violations and determining the amount of fees and costs. On September 9, 1997, the Court entered an amended judgment awarding attorneys' fees.

Defendants appealed and on December 31, 1998, the Tenth Circuit affirmed the judgment. Plaintiffs now seek recovery for their costs and attorneys' fees on appeal.

Defendants concede the Plaintiffs are entitled to their reasonable attorneys' fees and costs on appeal, but challenge the reasonableness of several of Plaintiffs' requests. Defendants correctly note that Plaintiffs' counsel have already been awarded $53,681.25 in costs and fees, while recovering $21,000.00 for their clients. Plaintiffs' counsel now seek an additional $28,393.75 in costs and fees.

The Court has reviewed the submissions of Plaintiffs' counsel and in spite of their voluntary reduction, finds them excessive. While there is no requirement of proportionality, the Court should consider the fee request against the backdrop of the actual recovery. 1 ROBERT L. ROSSI, ATTORNEY'S FEES § 10:25 ( Lawyers

Coop. 1995). More significantly, in the present context this Court does not believe multiple counsel and mock argument were necessary to prepare for this appellate argument. As defense counsel notes, the legal issues were not complex and "[t]his argument was not to the Supreme Court or even to the Tenth Circuit sitting *en banc*." Defendants' Opposition at 4. Accordingly, the Court will not great the Plaintiffs' requests for the two mock arguments. The Court is also disallowing all of the time requested for Mr. Alvarez, since Ms. Pedroza actually did the oral argument. The Court also agrees it is excessive to charge Defendants for sixteen hours for Ms. Pedroza's travel to and from Denver and will reduce it to eight hours, *i.e.*, four hours each way.

Defendants other challenges to Plaintiffs' requests are DENIED.

### O R D E R

Based on the above reasoning, Plaintiffs' counsel are AWARDED $500.68 in costs and $13,468.75 in attorneys' fees for the appeal.

DATED at Albuquerque this 1st day of March, 1999.

_____
BRUCE D. BLACK
United States District Judge

**Counsel for Plaintiffs:**
> Olga Pedroza, Ismael Alvarez, Southern New Mexico Legal Services, Las Cruces, New Mexico

**Counsel for Defendants:**
> Kenneth R. Carr, Carr Flora Carroll & Driscoll, El Paso, Texas